No appearance for appellant.

Edwin Langley, U. S. Atty., Muskogee, Okl., for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

**Wesley CARMACK, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 6825.

United States Court of Appeals
Tenth Circuit.

Dec. 7, 1961.

PER CURIAM.

The appeal is taken from an order of the court below, denying appellant's motion to vacate sentence filed under 28 U.S.C. § 2255.

Appellant and one William Pat O'Neal were jointly indicted on two counts. The first count charged a conspiracy to transport women in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 371. One of the overt acts alleged in connection with this count was the transportation of Evona Lou Powers and Charlcie Alford from Fort Worth, Texas, to Muskogee, Oklahoma.

The second count of the indictment charged the transportation of these same two females in interstate commerce from Fort Worth, Texas, to Muskogee, Oklahoma, for the purpose of prostitution and debauchery, in violation of 18 U.S.C. § 2421.

The defendants were convicted and sentenced on both counts. Appellant's sentences were adjudged to run consecutively and O'Neal's sentences were adjudged to run concurrently. O'Neal appealed his conviction and it was affirmed

**894**

(O'Neal v. United States, 10 Cir., 240 F.2d 700). Appellant did not appeal, but thereafter filed a motion under 28 U.S.C. § 2255, which motion was denied by the trial court, hence this appeal.

Two contentions are made by appellant on this appeal. (1) Separate sentences may not be imposed for conspiracy to transport women in interstate commerce for the purpose of prostitution, and also for the substantive offense of transporting the same women in interstate commerce for that purpose. (2) The trial court was without authority to impose consecutive sentences for the two crimes charged in the indictment.

 The first contention of appellant is without merit. Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); Pereira v. United States, 347 U.S. 1, 7, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Pinkerton v. United States, 328 U.S. 640, 643–644, 66 S.Ct. 1180, 90 L.Ed. 489 (1946). Unquestionably a conviction for conspiracy may be had even though the substantive offense was completed. It is only the identity of the offenses which is fatal. Velasquez v. United States, 10 Cir., 244 F.2d 416, 419 (1957). In the instant case, no such identity occurs since the agreement to do an unlawful act is distinct from the doing of the act itself.

 Appellant's second contention is equally without merit. It is so firmly established in the law that sentences for separate crimes may be consecutive that there is no need in discussing the proposition at any length. The power to impose consecutive sentences is inherent in the court. Sherman v. United States, 9 Cir., 241 F.2d 329, 336–337 (1957) cert. den. 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed. 2d 1429, and cases cited therein.

We, therefore, conclude that the separate and consecutive sentences imposed by the court upon the appellant for the crime of conspiracy and for the substantive offense, which was the object of the conspiracy, are valid and the court properly denied the appellant's motion.

Affirmed.