Richard L. MARSHALL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6880.

United States Court of Appeals
Tenth Circuit.

Jan. 25, 1962.

Rehearing Denied March 13, 1962.

Albert B. Wolf, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant was indicted on four counts. Count I charged the taking of mail from an authorized mail depository under 18 U.S.C.A. § 1702, Count II charged possession of the contents of a letter taken or stolen from a mail receptacle under 18 U.S.C.A. § 1708, Count III alleged the forging of a United States Treasury check under 18 U.S.C.A. § 495, and Count IV charged the uttering and publishing as true the United States Treasury check with intent to defraud under 18 U.S.C.A. § 495.

A plea of guilty was entered as to each of the last three Counts and Count I was dismissed on motion of the Government. A five year sentence was imposed on Count II, five year sentences were also imposed on the other two Counts, to run concurrently with each other but consecutively with the sentence on Count II.

The appeal is from an order overruling a motion under 28 U.S.C.A. § 2255, by which appellant contends in substance (1) Counts I and II charge the same offense and the dismissal of Count I invalidated Count II, and (2) the facts, as alleged in the indictment, show the commission of but one offense, therefore, only one five year sentence is valid.

Appellant's first point was considered by this Court in Creed v. United

States, 10 Cir., 283 F.2d 646, where the same contention was made concerning the two offenses as charged in Counts I and II of this indictment. There, the Court, citing Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, and Kinsella v. Looney, 10 Cir., 217 F.2d 445, reiterated the established test to be, "The test for determining whether the offenses charged in two counts of an indictment are identical is whether the facts alleged in one, if offered in support of the other, would sustain a conviction. Where each count requires proof of a fact which the other count does not, the two offenses charged are not identical." In applying the test in that case, the Court concluded, "It is thus plain that each charged offense requires the proof of an element which the other does not, and therefore the offenses charged are separate and distinct and are consecutively punishable." As pointed out by appellee, even if the two offenses could be said to be identical, appellant could not benefit, because the dismissal of Count I would not invalidate or affect a further prosecution and sentence under Count II.

Appellant's second contention can have no merit if Counts II and III state separate offenses. Count II charges, under the first paragraph of 18 U.S.C.A. § 495, that appellant did falsely make, alter, forge or counterfeit a certain check and Count III charges, under the second paragraph of the same statute, that appellant did utter and publish as true the same check, knowing it to be altered, forged or counterfeited. To prove the offense charged in Count II, the proof must show the false making, altering, forging or counterfeiting of the instrument, while the gravamen of the offense under Count III is the uttering or publishing as true such false, forged, altered or counterfeited instrument, knowing the same to be false, altered, forged or counterfeited. Applying the test as heretofore stated, it is apparent that these two Counts charged separate offenses. The five year sentence imposed upon each of those Counts being within the maximum provided for by statute, the sentences are valid. The offenses charged, being separate offenses, thus gave the sentencing court, within its discretion, authority to provide that they run or be served consecutively or concurrently. Smith v. Taylor, 10 Cir., 297 F.2d 927; Carmack v. United States, 10 Cir., 296 F.2d 893; Swepston v. United States, 8 Cir., 289 F. 2d 166.

The sentences as imposed are valid and the order of the trial court denying the motion is affirmed.