UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Charles HODGES, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jackie Anthony NEAL, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jackie Lee JACKSON, Defendant-
Appellant.

Nos. 329–70, 330–70 and 331–70.

United States Court of Appeals,
Tenth Circuit.

Jan. 13, 1971.

Rehearing Denied Feb. 3, 1971.

John E. Green, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for plaintiff-appellee.

Woodrow W. Adams, Oklahoma City, Okl. (Miller, Wilson, Adams & Spencer, Oklahoma City, Okl., with him on the brief), for defendants-appellants.

Before HILL and McWILLIAMS, Circuit Judges, and BRATTON, District Judge.

McWILLIAMS, Circuit Judge.

Hodges, Neal and Jackson, all inmates of the Federal Reformatory in El Reno, Oklahoma, were jointly indicted, tried and convicted for multiple violations of 18 U.S.C. §§ 111 and 1114 which make it unlawful to forcibly assault, resist, oppose, impede, intimidate or interfere

with an officer or employee of any United States penal or correctional institution. Hodges was convicted on five counts of having thusly assaulted and resisted five different officers of the institution and he was sentenced to a term of three years on each of the five counts, the sentences to be served consecutively to each other and to commence upon the expiration of the sentence he was then serving. Neal and Jackson were both convicted on two counts, and each was sentenced to three years on each count, their respective sentences also to be served consecutively to each other and to commence upon the expiration of the sentence then being served.

The basic position here advanced by all appellants is that instead of being guilty of multiple offenses, they were guilty of but a single offense resulting from a continuing course of conduct and that the multiple sentences, which when combined exceed the maximum permitted by 18 U.S.C. § 111 (three years imprisonment or $5,000 fine, or both), are improper. In order to place appellants' argument in context, brief consideration of the evidence becomes advisable.

Hodges and Neal were involved in an altercation with a third inmate (not Jackson) which was broken up by officers of the institution. Because of the incident the officers determined to move both Hodges and Neal from the dormitory type building where they had been quartered to a maximum security cell house. When requested to "pack up" and go peacefully, Hodges and Neal began their course of resistance. It was in this setting that Neal struck Officer Taylor in the face with his fist. A free-for-all then followed, with Hodges attempting to come to the aid of Neal. Eventually Neal was subdued and he was then escorted to the cell house. While transferring Neal from the dormitory to the cell house Neal struck another guard, Waszak, as well as again striking Taylor. Based on this factual sequence, Neal was charged and convicted of forcibly assaulting and resisting Officers Taylor and Waszak.

As indicated, Hodges joined in the free-for-all in the dormitory and in the melee he kicked Taylor in the rib cage, cracking two ribs and badly bruising the lower right rib cage. Moments later Hodges kicked Officer Schwab in the back of the head, momentarily stunning him. The kicking of Taylor and Schwab formed the basis for counts one and two against Hodges. During this episode Hodges also struck Officer Waszak in the chest and this formed the basis for the third count filed against Hodges.

After Neal had been removed from the dormitory and after Hodges had himself been subdued, Hodges indicated that if released he would go peacefully to the cell house. The officers accordingly released their hold upon Hodges, whereupon Hodges resumed the struggle and forcibly resisted and struck Officers Baete and Ebeling. Counts four and five related to Hodges' resisting Officers Baete and Ebeling.

As concerns Jackson, he was not directly involved in the altercations above described, though he was suspected of attempting to incite other inmates to join in the affray. In any event, about two hours after the earlier incidents, the prison officials decided to place Jackson in the cell house. To this end Waszak and Baete escorted Jackson from the prison compound to the cell house and while en route Jackson struck Waszak in the mouth, knocking him to the ground. Jackson then wheeled on Baete and struck him several blows. Jackson was charged with forcibly assaulting and resisting Officers Waszak and Baete.

As might be expected, there was some conflict in the evidence as to just what happened, and in what sequence, but the foregoing is believed to be a fair recital of the events under consideration as portrayed by the prosecution's evidence.

18 U.S.C. § 111 provides as follows:

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in

section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

18 U.S.C. § 1114 designates many officers and employees of the United States, including "any officer or employee of any United States penal or correctional institution * * *."

From a reading of these two statutes it would seem that one who forcibly assaults and resists an officer of a United States penal institution engaged in his official duties has in so doing violated the aforesaid statutes and that when he thereafter by other action, even though such occurs only moments later, forcibly assaults and resists another officer he has again violated the statutes in question and has committed a second offense for which he may expect possible additional punishment upon conviction. This is not so, argue the appellants, where, though there were multiple actions on their part, all were but a part of a continuing course of conduct which constitutes, they claim, only a single offense. In thus contending counsel relies heavily on Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199.

In Ladner the petitioner, seeking post conviction relief, had some ten years before been convicted of assaulting two federal officers in violation of the statutory predecessor of 18 U.S.C. § 111, for which he had been sentenced to the maximum punishment of ten years imprisonment on each conviction of assault, the two sentences to run consecutively. In his petition Ladner alleged that the evidence adduced at his earlier trial showed that he had fired but a single discharge from a shotgun and that the pellets from the single discharge had wounded two federal officers. Under such circumstances, argued Ladner, he was guilty of but one assault and subject to only one punishment.

The district court denied Ladner's petition and this action was upheld by the Court of Appeals for the Fifth Circuit, both courts holding that the wounding of two federal officers by the single discharge of a shotgun constituted a separate offense against each officer under the statute. Ladner v. United States, 230 F.2d 726 (5th Cir.).

In reversing, the United States Supreme Court held that under a policy of lenity the wounding of two officers by a *single* discharge of the gun constituted only a *single* violation of the statute and that the petitioner should be afforded an opportunity to sustain his allegation that such was the fact of his case. To us, the plain import of *Ladner* is that had there been *two* discharges of the shotgun, one discharge wounding one officer and the second discharge wounding another officer, such would constitute *two* violations of the statute. And that is the principle which governs the instant controversy.

The present case is certainly not an instance of a single blow by Hodges, for example, resulting in an "assault" on five different penal officers. Rather, Hodges gave each one of the five individual attention, and in succession he did forcibly assault and resist each of the five, all of which constitutes five violations of 18 U.S.C. § 111, not one. The same observation could be made concerning the offenses committed by Neal and Jackson, with Neal's two offenses being separated by time and space to a more marked degree than the others.

Suggestion is made that the consecutive sentences imposed by the trial court were under the circumstances improper. However, the power of a trial court to impose consecutive sentences for separate offenses has been upheld by us in Smith v. Taylor, 297 F.2d 927 (10th Cir.) and Carmack v. United States, 296 F.2d 893 (10th Cir.).

Finally, it is argued that this court under the provisions of 28 U.S.C. § 2106 has the power to modify the sentences imposed by the trial court. This argument was considered and rejected

by us in Smith v. United States, 273 F. 2d 462 (10th Cir.), cert. denied 363 U. S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729, where consecutive sentences totaling fifty-two years were upheld. The fact that the sentences imposed in the instant case are to run consecutively may seem to some to be a bit harsh, particularly as concerns Hodges, who must now serve fifteen years for what counsel asserts was only a fist fight. This was more than just a fist fight, however, and the evidence certainly supports the observation of the sentencing judge that the situation was but a short step away from mushrooming into a full-fledged prison riot. The punishment imposed, though severe, is within statutory limits and does not equate to cruel and unusual punishment. Under such circumstance relief in the form of modifying the sentences imposed by the trial court cannot come from a reviewing court.

Affirmed.