UNITED STATES of America, Appellee,

v.

Michael L. WESLEY, Appellant.

No. 85–2374.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1986.

Decided Aug. 15, 1986.

John Lightner, Springfield, Mo., for appellant.

Robin J. Aiken, Springfield, Mo., for appellee.

Before LAY, Chief Judge, HEANEY and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

This appeal arises out of an incident occurring at the United States Medical Center in Springfield, Missouri, on July 20, 1985. Wesley was temporarily transferred to Ward 10A, the psychiatric ward, due to overcrowding on his ward. Wesley objected to the transfer and he began to pound and kick his cell door. Upon his refusal to discontinue this disturbance, a physician ordered him to be placed in physical restraints. Five guards entered his cell and as a result of the physical contact which ensued, Wesley was indicted on two counts of assault within the meaning of 18 U.S.C. §§ 111, 1114 (1982).

Wesley was convicted on both counts. He now appeals alleging various grounds of error involving his request for self-representation, prejudicial remarks of the prosecutor, failure to strike the jury panel due to prejudicial statements made by a prospective juror, the multiplicity of the counts, and the insufficiency of the evidence to sustain Count II which alleges an assault against one of the guards.

Upon review of the record, we affirm the conviction.

### Self-Representation

Wesley asserts that he was denied his right to self-representation. It is fundamental, however, that the right to self-representation is unqualified only if demanded before trial. *United States v. Brown*, 744 F.2d 905, 908 (2d Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). Once trial commences, that right is subject to the trial court's discretion which requires a balancing of the defendant's legitimate interests in representing himself and the potential disruption

and possible delay of proceedings already in progress. *United States ex. rel. Maldonado v. Denno,* 348 F.2d 12, 15 (2d Cir. 1965), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966); *see also Butler v. United States,* 317 F.2d 249, 258 (8th Cir.), *cert. denied,* 375 U.S. 836, 84 S.Ct. 67, 11 L.Ed.2d 65 (1963).

In this case, the trial court refused Wesley's mid-trial request to proceed pro se noting the disruption of the trial it would cause. The court did respond to Wesley's main complaint by recalling two witnesses and allowing counsel to ask those questions which Wesley wanted asked. The court determined that Wesley was being represented adequately and exercised its discretion in denying his request. We find no abuse of discretion.

**Prosecutor's Argument**

■ Wesley also claims that he is entitled to a mistrial over certain statements made by the prosecutor. During the course of the opening and closing statements, the prosecutor made several references to his personal belief concerning the evidence and defendant's credibility.[1]

We have previously stated: "A personal expression of defendant's culpability, which inserts an extraneous and irrelevant issue before the jury, is particularly objectionable and highly improper when made by the prosecutor, whose position of public trust and experience in criminal trials may induce the jury to accord some unwarranted weight to the comment." *United States v. Splain,* 545 F.2d 1131, 1135 (8th Cir.1976).

In this case, it appears that some of the prosecutor's comments bordered on impropriety. A reversal is warranted, however, only if it can be shown that the improper remarks could have reasonably affected the jury's determination. *United States v. King,* 616 F.2d 1034, 1040 (8th Cir.), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980). The trial court has broad discretion in controlling closing arguments and without a clear showing of abuse, that discretion will not be overturned. *United States v. Lewis,* 547 F.2d 1030, 1036 (8th Cir.1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977). We hold that although the prosecutor's remarks were improper, they did not prejudice Wesley's case. Accordingly, the trial court did not abuse its discretion in refusing to declare a mistrial.

**Voir Dire**

Although no objections were filed voicing the necessity of a new trial, Wesley now objects to the veniremen and the voir dire. Although Wesley's claim is untimely, nonetheless we have thoroughly reviewed his objections. We find no prejudical error.

**Multiplicity of Counts**

■ Wesley argues that his struggle with the guards constituted only one assault instead of two. He says he was engaged in a constant struggle which can only be characterized as a single act. The test for determining whether an indictment is multiplicious is whether each count requires proof of an additional fact which the other does not. *Ward v. United States,* 694 F.2d 654, 661 (11th Cir.1983). Another way of evaluating it is whether there is more than one act causing injury, not whether more than one officer is injured by

---

1. In his closing argument, the prosecutor expressed his opinion in the following ways:

    * * * I think the evidence is just overwhelming in this case.

    * * * Just look at who's got the most to lose; just look at who's lying here.

    * * * I think it's clear beyond a reasonable doubt * * * the defendant struggled with and fought with these officers.

    * * * Now, the defendant's story, I think, ladies and gentlemen, is just patently absurd.

    Wesley made no objections to these comments. Only one statement was objected to by Wesley. The prosecutor said: "Put yourself in Carr's place. These men need to be protected out there." Wesley made an immediate objection and motion for a mistrial. The objection was sustained but the motion denied. The court then instructed the jury to disregard any suggestion that they return a guilty verdict in order to protect the guards. The general rule is that unless calculated to inflame the jury, an appeal to them to act as the conscience of the community is not impermissible. *United States v. Lewis,* 547 F.2d 1030, 1037 (8th Cir.1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977).

the same act. *United States v. Theriault*, 531 F.2d 281, 285 (5th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976).

The present case is very similar to *United States v. Hodges*, 436 F.2d 676 (10th Cir.), *cert. denied*, 403 U.S. 908, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971). The defendant, who had been involved in a prison altercation broken up by guards, kicked one guard in the ribs and moments later kicked another guard in the back of the head, then hit a third guard in the chest. On his way to the cell house he hit two more guards. The court held he was properly charged with five counts of assault. *Id.* at 678.

The evidence shows that Wesley struck the first guard in the groin and moments later the second was injured on the corner of the bed. Given the fact that both officers were assaulted, it follows that the assaults had to be effected by separate acts.

## Sufficiency of Evidence on Count II

Wesley finally contends that the evidence was insufficient to convict him of an assault on the second guard. The standard of review is whether, viewing the evidence in the light most favorable to the government, there is substantial evidence to support the jury's verdict. *United States v. Lee*, 743 F.2d 1240, 1250 (8th Cir.1984). In this case, given the testimony of the second guard, as well as the others involved in the altercation, a reasonable person could find that Wesley assaulted both guards.

We affirm the judgment of conviction.