**UNITED STATES of America, Appellee,**

v.

**David O. KAZENBACH, Appellant.**

**No. 86–2267.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1987.

Decided July 27, 1987.

Philip M. Moomaw, Asst. Federal Public Defender, Springfield, Mo., for appellant.

David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before ROSS, Circuit Judge,
HENLEY, Senior Circuit Judge, and
ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

David O. Kazenbach appeals his conviction on three counts of assaulting a correctional officer in violation of 18 U.S.C. §§ 111 and 1114. Count I charged that on May 27, 1986, at the United States Medical Center for Prisoners in Springfield, Missouri, appellant Kazenbach assaulted correctional officer Henry J. Siemiatkowski; Count II charged the same violation on the same date as to correctional officer K.R. Burton; and Count III charged the same violation on the same date as to correctional officer John W. Small. Kazenbach was sentenced to two years on each count, to be served concurrently, but to be served consecutively to the eight-year sentence he is now serving.

Prior to trial, appellant filed a motion to dismiss the indictment, or two counts thereof, on the grounds of multiplicity. The motion was denied without prejudice to it being raised again after the evidence was sufficiently developed at trial. On appeal, Kazenbach argues that the district court[1] erred in failing to dismiss two of the three assault counts on the grounds of multiplicity and that the evidence was insufficient to find intentional assault beyond a reasonable doubt. We affirm.

**Facts**

Kazenbach, who suffers from AIDS (Acquired Immune Deficiency Syndrome) or ARC (AIDS Related Complex), was assigned to a special lock-down unit for AIDS patients at the Medical Center for Federal Prisoners in Springfield, Missouri. The facts of the assault incident are in dispute. The government's evidence was that on the morning of May 27, 1986, Kazenbach was ordered out of his cell and down to a lock-down room after a corrections officer heard a metal folding chair crash against the wall of Kazenbach's cell and moments later, observed clothing in Kazenbach's toilet with Kazenbach pushing the toilet flusher button. Kazenbach became hostile and refused to cooperate in the transfer to the lock-down room. A scuffle with three corrections officers ensued. Kazenbach was wrestled to the ground, dragged to the lock-down room and restrained with soft cuffs. During the scuffle, Kazenbach swung at Officer Burton with a clenched fist, attempted to bite the officers, bit Officer Siemiatkowski on the hand, scratched Officer Small, and spat at all three officers.

Kazenbach, on the other hand, testified that he did not intentionally or forcibly assault correctional officers Burton, Siemiatkowski or Small. He specifically denied biting, scratching, spitting or swinging at the officers. Kazenbach testified that on the morning in question he accidentally knocked his clean clothes into the toilet and

---

1. The Honorable William R. Collinson, Senior Judge, United States District Court for the Western District of Missouri.

threw a metal folding chair in frustration. When ordered out of his cell for transfer to the lock-down room, Kazenbach testified that he told the officers he was ill and passively resisted the transfer. He claimed that the correctional officers then wrestled him to the ground, dragged him to the lock-down room by the arms, threw him into the corner and "worked him over." Kazenbach testified that the officers then put him on the metal framed bed, choked him and punched him in the face and groin. He stated that he struggled merely in order to breathe and protect his face.

**Dismissal on Grounds of Multiplicity**

Kazenbach argues that the district court should have sustained his pretrial motion to dismiss two of the three counts of assault on the grounds of multiplicity. He argues that his struggle with the three guards was a single altercation which constituted a single assault offense instead of three.

" 'Multiplicity' is the charging of a single offense in several counts." 1 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE, § 142, at 469 (1982). "The vice of multiplicity is that it may lead to multiple sentences for the same offense * * *." *Id.* at 475.

Kazenbach contends that the facts of this case are in accord with *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958). In *Ladner*, two federal officers were injured by a single discharge of the defendant's shotgun. The defendant was convicted and sentenced on two counts of assaulting an officer with a deadly weapon, in violation of 18 U.S.C. (1940 ed.) § 254 (now 18 U.S.C. § 111). The district court denied defendant's post-trial motion to correct the sentence on the second count, and that decision was affirmed on appeal. The Supreme Court reversed, however, stating "we cannot find that Congress intended that a single act of assault [i.e., the single discharge of a shotgun] affecting two officers constitutes two offenses under the statute." *Id.* at 176, 79 S.Ct. at 213.

Kazenbach also relies on *United States v. Theriault*, 531 F.2d 281 (5th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976) in which a defendant was sentenced to two consecutive three-year terms for assaulting two federal officers. The assaults in that instance arose out of a single act of the defendant hurling himself over the front seat of a vehicle into the steering wheel. On appeal, the court held it was error to sentence the defendant for two separate offenses under the statute. The court stated that in determining whether a defendant can be convicted for more than one assault under 18 U.S.C. § 111, "[t]he test is whether there is more than one act resulting in the assaults, not whether more than one federal officer is injured by the same act." *Id.* at 285 (citation omitted).

The government argues that Kazenbach was properly charged and convicted for three separate violations of 18 U.S.C. §§ 111 and 1114. It contends that the assaults on Officer Siemiatkowski, Small and Burton were separate acts by Kazenbach and that during the struggle Kazenbach gave each guard individual attention. The government specifically argues that the facts presented in this case are very similar to those in *United States v. Wesley*, 798 F.2d 1155 (8th Cir.1986), involving assaults by an inmate on staff members at the United States Medical Center for Federal Prisoners in Springfield, Missouri. In that case the defendant struck the first guard in the groin and moments later the second guard was injured on the corner of a bed. The defendant argued that he was engaged in a constant struggle which could only be characterized as a single act or offense. This court disagreed, however, holding that the assaults were effected by separate acts and that the indictment, therefore, was not multiplicious. *Id.* at 1156–57.

*United States v. Hodges*, 436 F.2d 676 (10th Cir.), *cert. denied*, 403 U.S. 908, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971) was a factually similar case, involving an altercation between three prison inmates and several federal penal officers. In that case, each of the three defendants were convicted of multiple violations of 18 U.S.C. §§ 111 and 1114 for assaulting a federal officer. As in the present case, the defend-

ants argued that they were guilty of but a single offense resulting from a continuing course of conduct, citing *Ladner v. United States, supra.* The Tenth Circuit disagreed, however, distinguishing the case from *Ladner,* stating:

> The present case is certainly not an instance of a single blow by Hodges, for example, resulting in an "assault" on five different penal officers. Rather, Hodges gave each one of the five individual attention, and in succession he did forcibly assault and resist each of the five, all of which constitutes five violations of 18 U.S.C. § 111, not one. The same observation could be made concerning the offenses committed by Neal and Jackson, with Neal's two offenses being separated by time and space to a more marked degree than the others.

*Id.* at 678.

▣ We find the appellant's multiplicity argument to be without merit. The evidence sufficiently proved that Kazenbach first struck at Officer Burton while still in his cell, and later bit Officer Siemiatkowski and scratched Officer Small during the officers' attempt to restrain Kazenbach to the bed in the lock-down room. The facts here are more analogous to the facts in *Wesley* and *Hodges, supra,* in which the court held that the assaults were caused by separate acts, than to the facts in *Ladner* or *Theriault, supra,* in which the assaults and injuries were effected by a single act (i.e., a single gunshot discharge or single leap over the front car seat). We therefore conclude that the district court did not err in denying appellant's pretrial motion to dismiss two of the three assault charges.

**Sufficiency of the Evidence**

Kazenbach also argues that the evidence was insufficient to find (1) the requisite intent to assault, and (2) separate and distinct offenses to support three assault convictions. It is well established that in reviewing sufficiency of the evidence in a criminal conviction, the court must view the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences, and the verdict will be upheld if there is substantial evidence to support it. *United States v. Gatewood,* 786 F.2d 821, 824 (8th Cir.1986).

As to the issue of requisite intent, Kazenbach argues that he testified he did not intend to harm any of the officers and that any actions he took were in response to being "worked over" and choked by the officers. He specifically denied spitting, kicking, or swinging at the officers, and denied intentionally or willfully biting Officer Siemiatkowski. Kazenbach also argues that the evidence regarding Officer Small's scratch was so sparse that an intentional scratching could not be inferred.

With regard to his argument that there was insufficient evidence of separate offenses, Kazenbach asserts that the government produced no evidence of "material periods of time" between acts, and therefore, his struggle with the officers should have been characterized as a single act. He states that the facts in *Wesley, supra,* are distinguishable from the present case, because in *Wesley* the defendant's acts were separated by material periods of time.

▣ Having thoroughly reviewed the record, we conclude that there was sufficient evidence for the jury to find the requisite intent to assault each of the correctional officers. We also find that there was substantial evidence of separate assaults to support three assault convictions. Kazenbach's focus solely on whether there were "material periods of time" between acts is shortsighted. The more appropriate inquiry in determining whether a defendant's actions should be characterized as one or more acts is whether the defendant gave each correctional officer individual attention and acted unlawfully as against each officer. *See Hodges, supra,* 436 F.2d at 678. As in *Hodges* and *Wesley, supra,* the evidence here sufficiently demonstrated that Kazenbach's actions constituted more than a single blow or act.

Affirmed.