**UNITED STATES of America, Plaintiff,**

v.

**Ray A. GRESSETT, James E. Savage and R.J. Fellows, Defendants.**

**No. 91–40001–04 to 91–40001–06.**

United States District Court, D. Kansas.

Aug. 8, 1991.

Lee Thompson, U.S. Atty., Wichita, Kan., Richard L. Hathaway, Asst. U.S. Atty., Topeka, Kan., for U.S.

Warren Lyon (for Rule 5 only), Jim Burnham, Dallas, Tex., Stephen W. Cavanaugh, Fisher, Cavanaugh & Smith, P.A., Topeka, Kan., for Ray A. Gressett.

Thomas D. Haney, Topeka, Kan., Robert C. Bennett, Houston, Tex., for James E. Savage.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, Kan., for R.J. Fellows.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

On July 26, 1991, the court held a hearing on a number of pretrial motions filed by the defendants. The purpose of this memorandum and order is to memorialize the rulings made by the court at the hearing and to address the unresolved motions. In resolving these motions, the court recognizes, pursuant to the order of the magistrate judge, that each defendant is deemed to have joined in all motions not "opted out" of within three days after filing. The court notes that none of the defendants has opted out from the motions filed by co-defendants. Accordingly, the rulings on all of the motions shall apply to all of the defendants.

The remaining defendants, Ray A. Gressett, James E. Savage and R.J. Fellows, are charged in a thirteen-count indictment. All of the counts concern the defendants' involvement with transactions with Peoples Heritage Federal Savings and Loan Association (Peoples). In count 1, the defendants are charged with conspiracy to defraud the United States and to commit crimes against the United States in violation of 18 U.S.C. § 371. In counts 2 to 10, the defendants are charged with bank fraud in violation of 18 U.S.C. § 1344(2). In counts 11 to 13, the defendants are charged with making a false statement to the United States in violation of 18 U.S.C. § 1001.

### GRESSETT'S MOTIONS

*Motion to Dismiss Indictment or, in the Alternative, to Strike the Surplusage* (Doc. # 131)

Defendant Gressett moves to dismiss the superseding indictment because it charges the defendants with violations of unspecified civil banking regulations and internal banking policies and is therefore inadequate to sustain criminal liability. He

further asserts that the indictment is unconstitutionally vague in charging the unspecified violations of regulations and policies. Alternatively, defendant asks that all references to alleged violation of regulations and internal banking policies be stricken as surplusage, specifically paragraphs 3, 5, 6, 8, 9, 10 and 11.

The government contends that the defendants are not charged with violating a criminal law on the basis of civil regulatory violations. The government asserts that the defendants are charged with committing fraud by conspiring to conceal material information from Peoples, an intentional and knowing action designed to deprive Peoples of the ability to make loan decisions on the basis of complete and relevant information.

The charges are not subject to dismissal. First, the government has adequately charged the defendants with conspiring to intentionally conceal affiliate interests in loans made by Peoples. *United States v. Frost*, 914 F.2d 756 (6th Cir.1990); *United States v. Walker*, 871 F.2d 1298 (6th Cir. 1989). Second, the government has adequately charged the defendants with bank fraud and false statements to a federal agency. In sum, the superseding indictment adequately sets forth the elements of the offenses charged and apprises the defendants of the nature of the crimes charged.

■ In the alternative, the defendant has asked that all references to alleged violations of regulations and internal banking policies be stricken as surplusage. The court may strike surplusage in an indictment. Fed.R.Crim.P. 7(d). A motion to strike surplusage is addressed to the sound discretion of the court. *United States v. Collins*, 920 F.2d 619, 631 (10th Cir.1990). A motion to strike surplusage should be granted only if the disputed allegations are clearly not relevant to the charge and are inflammatory and prejudicial. *Id.*

■ The government contends that the reference to violations of federal regulations and internal policies and procedures is relevant to the defendants' intent and motive in structuring the transactions as they did. We agree. Accordingly, this alternative motion shall be denied.

*Second Motion to Dismiss Indictment or, in the Alternative, to Strike the Surplusage* (Doc. # 132)

■ Defendant moves to dismiss the superseding indictment because it charges the defendants with violating their "fundamental duties" to Peoples, none of which can result in criminal liability. He further asserts that the indictment is unconstitutionally vague in charging unspecified violations of the defendants' fundamental duties. Alternatively, defendant asks that all references to defendants' "fundamental duty" to Peoples be stricken as surplusage.

The government makes the same arguments as it made in the preceding motion. The government asserts that the defendants are not charged with a mere breach of fiduciary duties, but rather with committing fraud by conspiring to conceal material information from Peoples.

Again, we believe that the indictment is sufficient. A fair reading of the indictment, as a whole, reveals that the charges in the indictment are not founded upon defendants' fiduciary breaches, but rather are founded upon defendants' actions in conspiring to conceal affiliate interests in various loans.

■ Defendant's alternative motion to strike surplusage shall also be denied. The references to defendants' violations of fundamental fiduciary duties are relevant to the defendants' intent and motive in structuring the transactions in the way they did.

*Third Motion to Strike Surplusage* (Doc. # 133)

■ Defendant seeks to strike the following statement from paragraph 57 of the superseding indictment as surplusage: "proceeds of this $4,520,000 loan would be diverted through a *sham sale* of property." Defendant contends that these words are not essential to the offense charged and are prejudicial.

This description is relevant to the government's case. *See United States v. Sciandra,* 529 F.Supp. 320, 322 (S.D.N.Y.1982). Accordingly, the motion shall be denied.

*Fourth Motion to Strike Surplusage* (Doc. # 134)

■ Defendant seeks to strike the following statement from paragraph 18A of the superseding indictment as surplusage: "by obstructing and defeating by *deceitful and dishonest* means." Defendant contends that these words are not essential to the offense charged and are prejudicial.

Deceit and dishonesty are the essence of the government's charges. Accordingly, the use of these words is relevant to the government's case. *See United States v. Walker,* 871 F.2d 1298, 1307 (6th Cir.1989). This motion shall be denied.

*Fifth Motion to Strike Surplusage* (Doc. # 135)

■ Defendant seeks to strike the words "nominee borrower" from paragraphs 29, 42, 48, 69 and 79 as surplusage. Again, defendant contends that these words are not essential to the offenses charged and are prejudicial.

The government asserts that they will demonstrate at trial that the defendants accomplished their fraud through transactions involving nominee borrowers. Accordingly, this language is relevant to the government's case, and the motion shall be denied.

*Sixth Motion to Strike Surplusage* (Doc. # 136)

■ Defendant seeks to strike the words "concealment," "concealed," and "concealing" from paragraphs 16, 22, 26, 29, 30, 32, 33, 36, 42, 48, 50, 53, 56, 61, 67, 72, 74, 77, 79 and 85 of the superseding indictment as surplusage. Again, defendant asserts that these words are not essential to the offenses charged and are prejudicial.

Again, the government contends that they will demonstrate at trial that the defendants accomplished their fraud through concealment of their transactions. Accordingly, this language is proper and should not be stricken.

*Motion to Dismiss Counts 1, 2 and 10* (Doc. # 152)

■ Defendant seeks dismissal of counts 1, 2 and 10 because Peoples Financial Mortgage Company is not a federally chartered or federally insured financial institution. The defendant argues that Peoples Financial is a holding company or a subsidiary, and 18 U.S.C. § 1344 was not extended to cover holding companies and subsidiaries of federally insured financial institutions until August 9, 1989.

The government asserts that Peoples Financial was a subsidiary of Peoples and was its alter ego. The government argues that 18 U.S.C. § 1344 covers the charges contained in counts 1, 2 and 10 because all the misrepresentations contained in these counts were ultimately made to Peoples, a federally insured financial institution. We agree. Defendant's motion to dismiss counts 1, 2 and 10 shall be denied.

*Motion to Dismiss Indictment for Failure of the Government to Comply with the Pretrial Order of May 15, 1991* (Doc. # 161)

■ Defendant seeks dismissal of the indictment because the government has failed to comply with a portion of the pretrial order of May 15, 1991. Defendant contends that the government has not produced a complete set of documents concerning the following matters which were ordered to be produced: (1) Jenkens & Gilchrist files relating to transactions contained in the Indictment; (2) reports of examinations conducted by OTS, FHLBB of Topeka and Dallas, RTC, FDIC, or FSLIC; (3) loan committee minutes of Peoples, minutes of all meetings of Peoples Financial Mortgage Corp., minutes and director's packets for board of directors of Peoples Heritage Federal Savings & Loan.

The government responded at the hearing that it has supplied all of the materials ordered by the magistrate judge and this court. The government points out that the defendants are unable to show that any documents or information have been withheld.

Having heard the arguments of counsel and listened to some evidence, we are unable to conclude that the government has not complied with the court's order of May 15, 1991. The government has represented that it has provided all of the ordered material, and the court has not been shown any contrary evidence. Accordingly, this motion shall be denied.

*Motion to Dismiss for Grand Jury and Prosecutorial Abuse* (Doc. # 127)

Defendant seeks to dismiss the indictment because of grand jury abuse and misconduct by the government before the grand jury. Defendant argues that the government failed to introduce the testimony of his attorney, Jim Porter, who would have provided substantial exculpatory evidence. The defendant points out that the grand jury subpoenaed Porter, Porter moved to quash the subpoena, Judge Saffels denied the motion to quash, and the grand jury never called Porter.

The government has responded to the defendant's contention as follows: (1) the testimony of James Porter is not exculpatory; (2) even if it were considered exculpatory, it is not substantially exculpatory; and (3) even if the government failed to present substantially exculpatory evidence, dismissal of the indictment is not required because the defendant was not prejudiced.

■ Prosecutorial misconduct will merit dismissal of an indictment only when it substantially influenced the grand jury's decision to indict or raises grave doubt that the decision to indict was substantially influenced. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1988). The Tenth Circuit requires a prosecutor to reveal known, substantially exculpatory evidence to the grand jury. *United States v. Page*, 808 F.2d 723, 728 (10th Cir.1987), *cert. denied*, 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1987). "Substantial exculpatory evidence" is evidence that clearly negates guilt and that would change a grand jury's decision to charge a defendant with a crime. *United States v. Reid*, 911 F.2d 1456, 1460 (10th Cir.1990), *cert. denied*, ——

U.S. ——, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991).

■ The court has carefully examined the defendant's argument. We do not find that the defendant has met his burden of showing that the government's failure to produce Porter for the grand jury had any effect on the grand jury's decision to indict. The defendant has not convinced the court that the testimony of Porter constituted substantial exculpatory evidence. Accordingly, this motion shall be denied.

*Motion to Dismiss Count One of the Indictment for Failure to Allege an Offense* (Doc. # 128)

■ Defendant contends that Count One should be dismissed because it alleges a conspiracy to violate a statute, 18 U.S.C. § 1344, not in existence at the time the conspiracy allegedly began. The indictment charges that the conspiracy commenced "as early as 1984, the exact date unknown to the grand jury, and continuing until the return of this indictment." The bank fraud statute, 18 U.S.C. § 1344, was not enacted until October 12, 1984. In the alternative, defendant asks that the court issue an order prohibiting the government or its witnesses from referring to any act or conduct by the defendant occurring before October 12, 1984.

The government has responded that two other district courts have considered the argument made by the defendant and rejected it. This court has carefully examined the cases relied upon by the government, *United States v. Robichaux*, 698 F.Supp. 107 (E.D.La.1988) and *United States v. Whitty*, 688 F.Supp. 48 (D.Maine 1988), and we agree with their reasoning and conclusion. Accordingly, this motion shall be denied.

*Motion to Transfer Cause for Trial* (Doc. # 129)

Defendant seeks a transfer of the trial of this case to another district because trial within this district will severely prejudice him and will deny him a fair trial by an impartial jury. Defendant bases this argument on the "extensive, repeated and indepth unfavorable and highly prejudicial

publicity" which has taken place in Kansas concerning the failure of Peoples. Defendant has attached a number of newspaper articles reporting the indictment in this case and some of the surrounding circumstances as support for this motion.

The government contends that the defendant has not met his burden of proving that the pretrial publicity is so severe and prejudicial as to deprive him of sixth amendment rights.

■■■■ A court may transfer a case when "there exists in the district where the prosecution is pending so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district." Fed.R.Crim.P. 21(a). This rule is intended for cases in which prejudice in the community will make it difficult or impossible to select a fair and impartial jury. 2 Wright, *Federal Practice and Procedure: Criminal 2d* § 342 (1982). The court has considerable discretion in deciding motions under Rule 21(a). *United States v. Neal,* 718 F.2d 1505, 1510 (10th Cir.1983), *cert. denied,* 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984). In determining whether a motion for change of venue should be granted under this rule on the basis of prejudicial pretrial publicity, the court should take into account who is responsible for generating the publicity, the extent to which the publicity is focused on the crime or the individual, and any other factors relative to the publicity's effect on the ability of potential jurors to hear the evidence impartially. *United States v. Maldonado–Rivera,* 922 F.2d 934, 967 (2d Cir.1990).

The defendant's presentation on this issue is inadequate. The defendant has not sufficiently demonstrated that the pretrial publicity has been so prejudicial as to prevent the defendant from obtaining a fair and impartial trial. The defendants may renew this motion at trial if they find it necessary. The courts, including the Tenth Circuit, have recognized that the existence of prejudice can better be determined by voir dire examination of potential jurors than by affidavits and speculation about

the effect of publicity. *See, e.g., United States v. Lamb,* 575 F.2d 1310, 1315 (10th Cir.1978), *cert. denied,* 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978). At this time, this motion shall be denied.

*Motion in Limine to Exclude any Reference to the Alleged Loss Incurred by Peoples, Its Depositors, Holding Company or any Governmental Agency* (Doc. # 126)

Defendant seeks to prohibit the government or any of its witnesses from making any reference (1) to the amount of the financial loss in this case; (2) to the approximately $105,000,000 in financial losses to the financial institutions involved in this indictment; and (3) to the alleged financial gain by the defendant as a result of the allegations in the indictment, as well as whether any other loans in the indictment are in default. Defendant contends that these matters are irrelevant or immaterial to the issues in this case since the government is not required to prove any personal monetary gain or loss in order to prove the offenses charged.

■■■■ The government argues that, while they do not have present evidence showing any loss, they can produce such evidence when it shows the intent of the defendants. We agree. Evidence of default, loss, and the benefits received by the defendants is relevant to the defendants' intent and knowledge. Accordingly, this motion shall be denied.

*Motion to Excuse Local Counsel* (Doc. # 130)

Defendant requested that local counsel be excused from the trial of this case. The government has no objection to this motion. In accordance with our usual practice, this motion shall be granted.

*Motion for Leave to Issue Subpoena Duces Tecum Requiring Trial Production of Documents pursuant to Fed.R.Crim.P. 17(c)* (Doc. # 138)

■■ Defendant seeks an order granting leave to issue subpoena duces tecum pursuant to Fed.R.Crim.P. 17(c) to the following individuals or entities: (1) Custodian of Records, Resolution Trust Corporation; (2)

Custodian of Records, Federal Home Loan Bank Board; (3) Custodian of Records, Peoples Heritage Federal Savings and Loan Association/RTC in Salina, Kansas; (4) Custodian of Records, Peoples/RTC in Kansas City, Missouri; (5) FBI Agent Farrell; (6) Don S. Jackson of Jenkens and Gilchrist; and (7) Richard Hathaway. The proposed subpoenas to the individuals or entities identified in 1, 2, 3, 4 and 6 all request the following: "All records pertaining to Peoples Heritage Savings Associations' financial transactions with Ray A. Gressett, or any joint venture, partnership or other entity with which Ray A. Gressett was associated." The subpoena for Agent Farrell is more specific and contains five requests for various documents, reports, memoranda and correspondence. The subpoena for Mr. Hathaway seeks the closing files for certain loans referred to in Counts 2, 6 and 10 of the indictment.

The government contends that the defendant has made an insufficient showing to require the issuance of any subpoenas under Rule 17(c). The government asserts that the defendant is seeking to obtain discovery through the use of Rule 17(c), and that the rule is not intended for that purpose.

Rule 17(c) provides that the court "may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to trial ... and may upon production permit the [items] ... to be inspected by the parties and their attorneys." The courts have repeatedly recognized that Rule 17(c) is not intended to be used as a discovery device. 2 Wright, *Federal Practice and Procedure: Criminal 2d* § 274 (1982). In *United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974), the Supreme Court set forth the following requirements for production of documents prior to trial under Rule 17(c): (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial, and that the failure to obtain such inspec-

tion may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

The court finds that the defendant has failed to meet the requirements established in *Nixon*. The defendant has offered only conclusory statements concerning these requirements. Accordingly, the motion should be denied.

*Motion for Individual Voir Dire* (Doc. # 55)

■ Defendant seeks an order permitting counsel for both sides to conduct individual voir dire of the prospective jurors either in chambers or apart from the balance of the panel in this case. Defendant believes that this procedure will prevent the possibility of any "contamination" of the entire panel by the answer of a prospective juror who has made up his mind based on pretrial publicity. In the alternative, defendant asks that the court conduct the individual voir dire either in chambers or apart from the balance of the panel. The defendant believes that either of these procedures will facilitate whether a fair and impartial jury can be impaneled in this case in this division, or whether this case should be transferred. The defendant has submitted a long list of questions that he requests be submitted to prospective jurors or, in the alternative, asked during voir dire.

The government contends that the defendant has not made sufficient showing of prejudicial publicity to require individual voir dire. The government asserts that the pretrial publicity has not been sufficiently inflammatory or malicious to mandate the use of the individual voir dire procedure.

■ Individual voir dire is required only in the most extraordinary circumstances, where "massive, inflammatory publicity [creates] a hostile climate requiring extremely close scrutiny of the jurors." *United States v. Hall*, 536 F.2d 313, 324 (10th Cir.1976), *cert. denied*, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976). Individual voir dire is an unnecessarily time-consuming process when such a showing

has not been made. *United States v. Whitt*, 718 F.2d 1494, 1499 (10th Cir.1983). The court does not find that the defendant has made a showing sufficient to justify individual voir dire by either counsel or the court. Accordingly, this motion shall be denied. The court shall also deny defendant's request to have his proposed questionnaire submitted to the jury panel prior to trial. The court shall follow its usual practice of conducting some voir dire and then allowing the parties to supplement the court's examination.

*Motion in Limine Concerning Other Crimes and Uncharged Conduct* (Doc. # 60)

■■■ Defendant seeks an order precluding the government or its witnesses from making any direct or indirect reference at trial to any crimes or misconduct by the defendant or other defense witnesses other than those set forth in the indictment until a hearing outside the presence of the jury is conducted.

This motion shall be granted. If the government seeks to introduce other crimes and uncharged conduct during the trial, they should inform the court and we will conduct a hearing outside the presence of the jury to determine if the evidence will be allowed.

*Motion for Separate Hearing to Determine Existence of Conspiracy for Invocation of Fed.R.Evid. 801(d)(2)(E)* (Doc. # 58)

■■■ Defendant requests a separate hearing to determine the admissibility of any co-conspirator's statements which the government intends to introduce under the co-conspirator's exception to the hearsay rule.

The defendants do not have a right to a pretrial determination of the existence of a conspiracy for the purposes of Rule 801(d)(2)(E). *United States v. Hernandez*, 829 F.2d 988 (10th Cir.1987), *cert. denied*, 485 U.S. 1013, 108 S.Ct. 1486, 99 L.Ed.2d 714 (1988). We do not find that the defendants have sufficiently demonstrated the need for a pretrial hearing, particularly given the potentially time-consuming na-ture of such a hearing. Accordingly, this motion shall be denied.

SAVAGE'S MOTIONS

*Motion for Individual Voir Dire* (Doc. # 75)

Defendant seeks to conduct limited individual examination of prospective jurors outside the presence of the remainder of the jury panel for the purpose of determining the impact of pretrial publicity and existence of prejudice or opinion on the part of prospective jurors which would affect their ability to be fair.

For the reasons stated previously, this motion shall be denied.

*Motion for Severance* (Doc. # 77)

Defendant seeks a severance from co-defendants Thomas Burger, James Cruce and Thomas Dunn. Since these defendants are no longer in the case, this motion is moot.

FELLOWS' MOTIONS

*Motion to Determine Existence of Conspiracy and Fellows' Membership in Conspiracy Prior to Trial* (Doc. # 142)

Defendant requests that the court conduct a pretrial hearing to determine the existence of the conspiracy and his membership in it. For the reasons stated previously, this motion shall be denied.

*Motion for List of Government Witnesses* (Doc. 143)

■■■ Defendant asks that the government inform the defense at least three days in advance of when particular witnesses are going to testify. Defendant notes that this procedure will allow preparation of cross-examination in advance. Defendant states that the government has already agreed to provide the defense with a list of their witnesses, and the defense will reciprocate.

The government has agreed to provide upcoming witnesses within twenty-four hours of their testimony. The court finds that twenty-four hours is sufficient.

*Motion to Dismiss Counts Three through Ten on Grounds of Multiplicity* (Doc. # 144)

Defendant contends that counts 3 through 10 are multiplicitous of count 2.

Relying on *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), defendant argues that dismissal of counts 3 through 10 is appropriate because the conduct charged in counts 3 through 10 is the same as charged in count 2.

The government contends that counts 3 through 10 are not multiplicitous of count 2 because they properly charge separate executions or attempted executions of the defendants' scheme to defraud Peoples.

■ An indictment is multiplicitous if it charges one offense in several counts. *United States v. Kazenbach*, 824 F.2d 649, 651 (8th Cir.1987). The danger in multiplicity of charges is that it may lead to multiple sentences for a single offense, or it may unduly prejudice the jury by creating the impression that the defendant has committed several offenses where there may have been one violation. *United States v. Duncan*, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988). In order to decide whether one offense or separate offenses are charged, courts have applied the traditional test first established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), which requires a determination of whether each count requires proof of a fact that the other does not.

■ The defendant contends that the Supreme Court's decision in *Grady* has changed the standard to be applied in considering the issue of multiplicity. In *Grady*, the Supreme Court fashioned a new test for determining whether the double jeopardy clause has been violated. First, the offenses must satisfy the *Blockburger* test. 110 S.Ct. at 2090. Second, if *Blockburger* is satisfied, then the double jeopardy clause bars a subsequent prosecution "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.*, 110 S.Ct. at 2087.

The court disagrees with the defendant's contention that *Grady* has changed the standard for determining multiplicity. By

its own terms, *Grady* only applies to subsequent prosecutions. 110 S.Ct. at 2087, 2090, 2093–94. Recently, in *United States v. Raymer*, 941 F.2d 1031 (10th Cir.1991), the Tenth Circuit rejected the contention *Grady* established a new rule on multiplicity: "Although the *Blockburger* test recently has been supplemented in the double jeopardy subsequent prosecution context, *see Grady*, 110 S.Ct. at 2090, we believe that it remains the test in the multiple punishment context." 941 F.2d at 1044. *Also see United States v. McKinney*, 919 F.2d 405, 417 n. 13 (7th Cir.1990).

■ In applying the *Blockburger* test, we find no merit to the defendant's contention. The charges stated in Counts 3 through 10 of the indictment are not multiplicitous with Count 2. Each of the counts requires proof of a fact which the other does not. Under the bank fraud statute, an offense occurs upon each execution or attempted execution of the scheme to defraud. *United States v. Poliak*, 823 F.2d 371, 372 (9th Cir.1987), *cert. denied*, 485 U.S. 1029, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988). Accordingly, the defendant's motion to dismiss shall be denied.

*Motion to Dismiss Indictment for Failure to State an Offense* (Doc. # 145)

■ Defendant contends that the counts of the indictment fail to state offenses against him. He argues that the offenses based on 18 U.S.C. § 1344 fail to state an offense for the failure to disclose certain matters to Peoples because he did not have a duty to disclose such matters. He further argues that the offenses based on 18 U.S.C. § 1001 fail to state an offense because failure to disclose is not a violation of 18 U.S.C. § 1001.

The government responds that the defendant is not charged with merely failing to disclose certain information, but rather is charged with affirmative false representations. We agree. The court finds that the government has sufficiently alleged charges of bank fraud, false statements to a federal agency, and conspiracy to commit bank fraud and make false statements to a

federal agency. Accordingly, this motion shall be denied.

*Motion for Change of Venue* (Doc. # 146)

Defendant seeks a change of venue because of the extensive and prejudicial pretrial publicity surrounding this case. Defendant argues that it would be impossible for him to receive a fair trial in the District of Kansas. Defendant has also asked for a change of venue for the convenience of the parties and the witnesses. Defendant asks that this case be transferred to the Northern District of Texas.

The court shall deny defendant's motion for a change of venue pursuant to Rule 21(a) for the reasons previously stated in this order. The court shall also deny defendant's motion for a change of venue for the convenience of the parties and the witnesses. The court, in the interest of justice, may transfer a criminal case for the convenience of the parties and the witnesses. Fed.R.Crim.P. 21(b). The decision whether to grant a motion for change of venue rests in the sound discretion of the trial court. *United States v. Calabrese,* 645 F.2d 1379, 1384 (10th Cir.1981), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981). The court finds that the defendant has not sufficiently shown that a transfer is necessary in this case.

*Motion to Dismiss Counts 1, 2, 3, 4, 5, 6, 7 and 11 Based on the Statute of Limitations* (Doc. # 147)

Defendant contends that counts 1, 2, 3, 4, 5, 6, 7 and 11 should be dismissed because they are barred by the statute of limitations. The government has conceded that count 11 should be dismissed because it is barred by the statute of limitations. The government contends that the remainder of the motion should be denied.

▇▇ The court shall dismiss count 11. However, the remaining charges are not barred by the statute of limitations. The court finds the defendant's argument concerning the aiding and abetting statute to be without merit. The applicable statute of limitations for the offense of aiding and abetting under 18 U.S.C. § 2 is the statute for the substantive offense charged. *Unit-*

*ed States v. Musacchia,* 900 F.2d 493, 499 (2d Cir.1990).

*Motion for Additional Time to File Motions* (Doc. # 148)

Defendant seeks additional time to file additional motions. The government has no objection to this motion but asks that the deadline for such motions be at least two weeks prior to trial. The court shall grant the defendant's motion. The court shall allow the defendants until August 23, 1991 in which to file additional motions. The government shall have until September 4, 1991 in which to file a response.

IT IS THEREFORE ORDERED that the following motions be hereby denied:

Motion to Dismiss Indictment or, in the Alternative, to Strike the Surplusage (Doc. # 131);

Second Motion to Dismiss Indictment or, in the Alternative, to Strike the Surplusage (Doc. # 132);

Third Motion to Strike Surplusage (Doc. # 133);

Fourth Motion to Strike Surplusage (Doc. # 134);

Fifth Motion to Strike Surplusage (Doc. # 135);

Sixth Motion to Strike Surplusage (Doc. # 136);

Motion to Dismiss Counts 1, 2 and 10 (Doc. # 152);

Motion to Dismiss Indictment for Failure of the Government to Comply with the Pretrial Order of May 15, 1991 (Doc. # 161);

Motion to Dismiss for Grand Jury and Prosecutorial Abuse (Doc. # 127);

Motion to Dismiss Count One of the Indictment for Failure to Allege an Offense (Doc. # 128);

Motion to Transfer Cause for Trial (Doc. # 129);

Motion in Limine to Exclude any Reference to the Alleged Loss Incurred by Peoples, Its Depositors, Holding Company, or Any Governmental Agency (Doc. # 126);

Motion for Leave to Issue Subpoena Duces Tecum Requiring Trial Production of

Documents Pursuant to Fed.R.Crim.P. 17(c) (Doc. # 138);

Motion for Individual Voir Dire (Doc. # 55);

Motion for Separate Hearing to Determine Existence of Conspiracy for Invocation of Fed.R.Evid. 801(d)(2)(E) (Doc. # 58);

Motion for Individual Voir Dire (Doc. # 75);

Motion to Determine Existence of Conspiracy and Fellows' Membership in Conspiracy Prior to Trial (Doc. # 142);

Motion to Dismiss Counts Three Through Ten on Grounds of Multiplicity (Doc. # 144);

Motion to Dismiss Indictment for Failure to State an Offense (Doc. # 145);

Motion for Change of Venue (Doc. # 146).

IT IS FURTHER ORDERED that the following motions are hereby granted as set forth in the foregoing memorandum:

Motion to Excuse Local Counsel (Doc. # 130);

Motion in Limine Concerning Other Crimes and Uncharged Conduct (Doc. # 60);

Motion for List of Government Witnesses (Doc. # 143).

IT IS FURTHER ORDERED that the following motions are hereby denied as moot:

Motion for Severance (Doc. # 77).

IT IS FURTHER ORDERED that the following motions are hereby granted in part and denied in part as set forth in the foregoing memorandum:

Motion to Dismiss Counts 1, 2, 3, 4, 5, 6, 7 and 11 Based on the Statute of Limitations (Doc. # 147).

IT IS SO ORDERED.