UNITED STATES of America, Plaintiff,

v.

Reynaldo MORENO–RODRIGEZ and Juan Gabriel Dozal–Bencomo, Defendants.

Crim. A. Nos. 90–10042–01, 90–10042–02.

United States District Court, D. Kansas.

Aug. 15, 1990.

Emily B. Metzger, Asst. U.S. Atty., Wichita, Kan., for U.S.

C. Warner Eisenbise and Daniel Monnat, Wichita, Kan., for Reynaldo Moreno–Rodrigez.

John Peter Orsi, Wichita, Kan., for Juan Gabriel Dozal–Bencomo.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the pretrial discovery motions of defendants. Defendants move for disclosure of all material discoverable under Fed.R.Crim.P. 16 and the principles of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for disclosure of various forms of impeaching evidence relevant to the credibility of the government's witnesses, and for disclosure of the name of a confidential informant.

The government is presumably aware of its duty under *Brady,* and the court will grant this motion. Under the mandatory terms of Fed.R.Crim.P. 16(a)(1)(B), the government must also disclose any evidence of the defendants' prior criminal records "the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government."

 Defendants make several general requests for various types of impeaching evidence under the auspices of *Brady* and Fed.R.Crim.P. 16. The *Brady* rule encompasses evidence affecting the credibility of witnesses to the extent that the reliability of a given witness may be determinative of guilt or innocence. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *United States v. Starusko,* 729 F.2d 256, 260 (3d Cir.1984). Counsel for defendant Dozal–Bencomo has informed the court of his intention to rely on the defense of entrapment at trial. Because this defense "focuses on the degree of government involvement in the crime and whether the defendant was predisposed to commit it," the determinative issue will be "whether the criminal intent originated with the defendant or with government agents." *United States v. Ortiz,* 804 F.2d 1161, 1165 (10th Cir.1986). To the extent that the credibility of a particular witness will bear upon this issue, the government is under an obligation to disclose any *Brady* material, including the credibility of witnesses, that would create a reasonable doubt as to defendant's predisposition as well as overreaching tactics on the part of the government. *Starusko,* 729 F.2d at 260. The court is unaware of the type of defense intended to be presented for defendant Moreno–Rodrigez. For this reason, impeaching evidence relevant to

Moreno–Rodrigez' defense may conceivably be broader than that of his co-defendant. Although the determination of what impeaching evidence must be disclosed under this standard must necessarily be subjective, the court believes that the better practice is to err on the side of disclosure. *See United States v. Penix,* 516 F.Supp. 248, 254–55 (W.D.Okl.1981). The court also believes that any promises of favorable treatment or leniency could rarely be deemed immaterial under either Rule 16 or *Brady. See United States v. Bloom,* 78 F.R.D. 591, 616–17 (E.D.Pa.1977). Thus, the government is ordered to disclose any evidence of agreements or arrangements, whether formal or informal, between the government and any of its witnesses. Finally, to avoid any unnecessary delay, the government is ordered to disclose this information in a timely manner before trial. *See id.*

■ Both defendants have filed a motion for disclosure of the name and address of the confidential informant or informants for the government. Although the government has filed no response to this motion, the court believes that the interest of protecting confidential informants from acts of violence is sufficiently compelling to deny the motion. *United States v. Brown,* 720 F.2d 1059, 1077 (9th Cir.1983). The court finds meritless the suggestion of defendant Moreno–Rodrigez that the failure to disclose these identities implicates defendant's right to confront his accuser. Defendants will have full opportunity to cross examine any confidential informants that are called by the government. In addition, should the government choose not to call a particular witness, the hearsay rules are adequate protection against any attempt by the government to introduce out of court statements.

Defendant has also filed a motion to exclude certain tape recordings due to their alleged inaudibility. The court will defer ruling on this matter until a hearing on the matter.

■ Finally, defendant moves for disclosure of any evidence of "other crimes, wrongs or acts" that the Government may have intended to introduce under Fed.R. Evid. 404(b). The court agrees with defendant that the government should make no reference to such evidence until a hearing is held on the matter. Further, to the extent that the failure to disclose such evidence before trial would impede defendants' ability to prepare an adequate defense, the government shall disclose this evidence in a timely manner. The failure of the government to make a timely disclosure of any evidence of this nature may result in a finding during trial of undue prejudice under Fed.R.Evid. 403.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for disclosure of *Brady* material, including impeaching evidence, (Dkt. 36, 42, 43) be granted in a manner consistent with this memorandum.

IT IS FURTHER ORDERED that defendants' motion for disclosure of the names of confidential informants (Dkt. 36, 41) be denied.

IT IS FURTHER ORDERED that defendant's motion for disclosure of Rule 404(b) evidence (Dkt. 40) be granted.