**UNITED STATES of America, Plaintiff,**

**v.**

**Theodore M. HILL, Defendant.**

**No. 92–10037–01.**

United States District Court,
D. Kansas.

Sept. 15, 1992.

---

Lanny Welch, U.S. Atty., Wichita, Kan., for the U.S.

Jack Focht, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a criminal action in which defendant is charged with thirteen counts of misapplication of bank funds under 18 U.S.C. § 656 and one count of knowingly submitting false statements to the Federal Deposit Insurance Corporation ("FDIC") in violation of 18 U.S.C. § 1007.[1] Before this court are defendant's motion to strike portions of the indictment as surplusage (Doc. 14) and several discovery motions (Doc's 16, 18, and 20).

I. Motion to strike portions of the indictment as surplusage

■ According to Federal Rule of Criminal Procedure 7(c)(1), "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Federal Rule of Criminal Procedure 7(d) provides: "The court on motion of the defendant may strike surplusage from the indictment or information." However, the court is required to strike language from the indictment only if it is "not relevant to the charge at issue and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991). "It is an exacting standard which is met only in rare cases." *United States v. Eisenberg*, 773 F.Supp. 662, 700 (D.N.J.1991).

■ First, defendant moves that the court strike most of paragraph two of the indictment, which states:

2. The Federal Deposit Insurance Corporation (hereinafter "FDIC") is an agency of the United States which was organized to restore public confidence in banks and to protect bank depositors from losses due to bank failures. The FDIC supervises all banks it insures and causes examinations of these insured banks from time to time to identify and prevent unsafe and unsound banking practices. Additionally, the FDIC requires its insured banks to submit periodic financial reports, such as "Consolidated Reports of Condition", also referred to as "call reports", for the purpose of monitoring the financial condition of these banks.

Defendant claims that other than stating that the FDIC is a federal agency, the entire paragraph is surplusage. Defendant asserts that it is prejudicial because it overemphasizes the importance of the FDIC and is not relevant to any essential element of the misapplication counts.[2] However, the information in that paragraph relates directly to Count 14 of the indictment, which charges that defendant knowingly issued a "call report" to the FDIC containing false statements in violation of 18 U.S.C. § 1007. "If the language is infor-

---

1. As amended in 1989, 18 U.S.C. § 1007 provides:

 Whoever, for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation, knowingly makes or invites reliance on a false, forged, or counterfeit statement, document, or thing shall be fined not more than $1,000,000 or imprisoned not more than 30 years or both.

2. "The elements of a section 656 misapplication violation are: (1) the willful (2) misapplication (3) of money, funds or credits (4) of a federally-protected bank." *United States v. Harenberg*, 732 F.2d 1507, 1512 (10th Cir.1984).

mation which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be." *United States v. Climatemp Inc.*, 482 F.Supp. 376, 391 (N.D.Ill.1979), *aff'd sub nom, United States v. Reliable Sheet Metal Works, Inc.*, 705 F.2d 461 (7th Cir.), *cert. denied*, 462 U.S. 1134, 103 S.Ct. 3116, 77 L.Ed.2d 1370 (1983). Because paragraph two consists of information the government intends to prove at trial, the paragraph is properly included in the indictment and thus will not be stricken.

 Second, defendant moves to strike in their entirety several introductory paragraphs, paragraphs three through eight, which provide background information and set forth the alleged conduct of the defendant that constitutes embezzlement and false statements to the FDIC. Clearly the alleged conduct is relevant to the counts with which defendant is charged and should not be stricken from the indictment. *See Collins*, 920 F.2d at 631 (in tax evasion case, court did not err in refusing to strike statement in indictment that defendant had not paid his taxes). Furthermore, it is proper for the indictment to contain relevant background information. *See Climatemp*, 482 F.Supp. at 391–92.

 Defendant also specifically moves to strike from the introductory paragraphs allegations that the defendant committed the wrongful acts "without the knowledge or prior approval of the Board of Directors of Farmers State Bank." Defendant correctly asserts that the lack of knowledge or prior approval is not an essential element to the crime of misapplication. However, prior valid approval by the board of directors is a defense to a charge of misapplication under 18 U.S.C. § 656, although it would not be a defense to fraud. *United States v. Salinas*, 654 F.2d 319, 328 (5th Cir.1981), *overruled in part on other grounds by, United States v. Adamson*, 700 F.2d 953 (5th Cir.1983); *United States v. Beran*, 546 F.2d 1316, 1321 (8th Cir.), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1976). Defendant has indicated that he will attempt to use that or a similar defense in this case. Again, if the

government intends to properly prove a matter at trial, then it is proper for the indictment to include those matters, even if they are not "essential elements" of the crime charged. *See Climatemp*, 482 F.Supp. at 391. Therefore, the court will not strike any portion of the introductory paragraphs of the indictment.

## II. Disclosure of exculpatory matters

 Under the *Brady* rule, the government must disclose exculpatory evidence that is material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). If the exculpatory evidence creates a reasonable doubt as to the defendant's guilt, it is material. *United States v. Starusko*, 729 F.2d 256, 260; *see also United States v. Johnson*, 911 F.2d 1394, 1404 (10th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991).

 In this case the government acknowledges its continuing duty under *Brady*, and defendant has not pointed to any specific type of evidence about which there is a dispute. Therefore, the government shall continue to disclose any exculpatory material in its possession. The court reminds the government that in deciding what constitutes *Brady* material, the government should resolve all doubts in defendant's favor. *United States v. Moreno–Rodrigez*, 744 F.Supp. 1040, 1042 (D.Kan. 1990); *United States v. Penix*, 516 F.Supp. 248, 254–55 (W.D.Okla.1981); *United States v. Countryside Farms, Inc.*, 428 F.Supp. 1150, 1154 (D.Utah 1977). If the government fails to perform its duty under *Brady*, this could cause serious prejudice, delay and expense at trial. In the event of such a failure the court will have discretion to permit discovery or inspection by the defendant, grant a continuance, or prohibit the government's introduction of undisclosed evidence. Fed.R.Crim.P. 16(d)(2).

## III. Discovery of impeaching evidence

 The defendant has moved separately for discovery of impeaching evidence. Rather than lengthen this opinion by discussing the defendant's requests and the

government's response, the court shall merely set forth its rulings. The adult criminal records of government witnesses shall be disclosed. Prior misconduct or bad acts attributed to the witness need not be disclosed. All promises or consideration given to the witness shall be disclosed. Threats made to a witness, if any, shall be disclosed. Other government documents and witness statements are covered by the Jencks Act, 18 U.S.C. 3500. *See* Fed. R.Crim.P. 16(a)(2). The general rule under the Jencks Act is that disclosure of witness statements or reports cannot be compelled until after the witness has testified on direct examination at trial. 18 U.S.C. § 3500(a). However, this court has always encouraged pre-trial disclosure in the interest of preventing cumbersome delay in the trial while defense counsel reviews the content of such witness statements. Testimony of any witnesses in other cases need not be disclosed. Personnel files of law enforcement and other government employee witnesses shall not be disclosed.

■■■■ Evidence impeaching the credibility of a government witness falls within the *Brady* rule when the reliability of the witness may be determinative of the defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Starusko*, 729 F.2d at 260. The defendant's requests for information in the possession of government agencies and anything else which could be helpful or useful to the defense in impeaching or detracting from the probative force of the government's evidence appear to fall within the category of *Brady* evidence and shall be disclosed, if the government has any such evidence. The request for the same evidence as to nonwitnesses shall be denied.

## IV. Discovery of Rule 404(b) information

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of mo-

tive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, ..." The defendant is entitled upon request to reasonable notice in advance of trial of the general nature of any such evidence the government intends to introduce at trial. Fed.R.Evid. 404(b).

The government recognizes its duty to disclose any Rule 404(b) evidence and has agreed to do so before trial if it intends to use any such evidence at trial. The government shall file with the court and provide to the defendant no later than one week prior to trial all written statement of the general nature of the Rule 404(b) evidence it intends to introduce.

IT IS BY THIS COURT THEREFORE ORDERED that the defendant's motion to strike portions of the indictment as surplusage (Doc. 14) is denied.

It is further ordered that the defendant's motion for disclosure of exculpatory matters (Doc. 18) is granted.

It is further ordered that defendant's motion for discovery of impeaching evidence (Doc. 16) is granted in part and denied in part.

It is further ordered that defendant's motion in limine regarding Rule 404(b) evidence (Doc. 20) is granted.