**UNITED STATES of America, Plaintiff,**

v.

**LIN LYN TRADING, LTD. and Raymond Lynn Thomas, Defendants.**

**No. 94–CR–168G.**

United States District Court,
D. Utah,
Central Division.

Jan. 11, 1996.

Fed.R.Crim.Pro., as amended, to compel discovery of statements made by employees and agents of the corporate defendant Lin Lyn Trading, Ltd. in the course of a government investigation. The United States was represented by Assistant United States Attorney Wayne Dance and the defendants were represented by Max D. Wheeler and James D. Gilson.

On October 6, 1995, as a result of prior motions, this court entered an Order re Discovery. A hearing concerning the scope of that Order was held on November 21, 1995, particularly as it relates to disclosure to defendants of statements made by agents of Lin Lyn Trading Co. The government's motion to compel reciprocal discovery as called for in the October 6, 1995 court order was also addressed. After argument, the court directed the parties to file supplemental memorandums concerning the scope and requirements of the rule as applied to present and former agents and employees of corporate defendants, which has been done.

I.

## STATEMENTS MADE BY AGENTS OF CORPORATIONS

Defendants seek discovery of statements known to have been made to government agents by agents of Lin Lynn Trading as well as statements which may have been made which are not known by defendants. In this regard, defendants have identified with some particularity eight individuals known to have been interviewed by government agents, which individuals were involved in the purchasing, shipping or receiving of imported products on behalf of Lin Lyn.[1]

Wayne Dance, Asst. U.S. Atty., U.S. Attorneys Office Salt Lake City, UT, for plaintiff.

Max D Wheeler, Snow, Christensen & Martineau, Salt Lake City, UT, James D. Gilson, Van Cott Bagley Cornwall & McCarthy, Salt Lake City, UT, for defendants.

## MEMORANDUM DECISION AND ORDER

**J. THOMAS GREENE, District Judge.**

This matter is before the court on defendants' motion pursuant to Rule 16(a)(1)(A),

1. The eight individuals are:
 1. Raymond Lynn Thomas—Individual defendant and owner and managing director of Lin Lyn at all times;
 2. Joy Pratt—Plush toy manager of Lin Lyn from 1989 to late 1990;
 3. Chuck Cato—Warehouse employee of Lin Lyn from October 1990 to early 1991;
 4. Holly Garza—Customs broker who acted under power of attorney from Lin Lyn;
 5. John Ng—Business representative of Lin Lyn in Hong Kong;
 6. Laura Williams—Employee and officer and director of Lin Lyn 1986–1994;
 7. Carol and Aric Cramer—Warehouse workers for Lin Lyn 1988–89;
 8. Kay Cammack—Office manager of Lin Lyn mid 1990 to mid 1992.

 Additional information concerning defendants' knowledge that government agents interviewed these persons is set forth at pp. 6–7 of defendants' Memorandum re Rule 16 Discovery Issues.

Rule 16(a)(1)(A), Fed.R.Crim.Pro., as amended effective December 1, 1994, provides in pertinent part as follows;

> (A) ... Upon request of a defendant which is an organization such as a corporation, partnership, association or labor union, the government must disclose to the defendant any of the foregoing statements made by a person who the government contends (1) was, at the time of making the statement so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to the subject of the statement, *or (2) was at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to that alleged conduct in which the person was involved.* (Emphasis added)[2]

The government contends that the plain language of the rule, i.e., statements made by persons who were "at the time of the offense, personally involved in the alleged conduct constituting the offense," only relates to statements made by individuals "who at the time of the alleged offense were *criminally culpable for their involvement* in the alleged offense and *could legally bind the corporate defendant as to such offense.*" (Government's Supplemental Memorandum Regarding Rule 16(a)(1)(A), p. 2. Emphasis added.) In support, counsel for the government relied upon the case of *United States v. Young & Rubicam, Inc.,* 741 F.Supp. 334 (D.Conn. 1990). In that case, the court refused to order production of statements by one senior officer of the corporation because there was no evidence that he "committed any of the alleged wrongful conduct. His participation in the presentation to the JTB does not involve him in the conspiracy." On the other hand, the court ordered production of statements by another senior officer because the government had made only a generalized or conclusory showing that he "was not personally involved in the alleged conduct constituting the offense," or was a "mere observer." *Id.* At 351. Since *Young & Rubicam* was decided, Rule 16 has been amended twice in such a way as to broaden the government's discovery obligations. Also, when that case was handed down the Rule required defendants to stipulate that employees were able legally to bind the corporation before their statements were discoverable. For these reasons, this court declines to follow that case, particularly to the extent that it would require criminal culpability of the person who made the statement in question.

Defendants rely upon the expanded language of amended Rule 16(a)(1)(A) and cite explanatory language from the Advisory Committee Notes applicable to the Rule. Those Notes make it clear that "[t]he amendment is intended to clarify that the discovery and disclosure requirements of the Rule apply equally to individual and organization defendants." Further, the Notes indicate that:

> The amendment defines defendant in a broad, nonexclusive fashion. *See also* 18 U.S.C. § 18 (the term "organization" includes a person other than an individual). And *the amendment recognizes that an organizational defendant could be bound by an agent's statement, see e.g., Federal Rule of Evidence 801(d)(2), or be vicariously liable for an agent's actions.* The amendment contemplates that, upon request of the defendant, the Government will disclose any statements within the

---

**2.** The preceding part of the Amended Rule provides as follows:

> (A) Statement of Defendant. Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

purview of the rule and made by persons whom the government contends to be among the classes of persons described in the rule. (Emphasis added.)

In *United States of America v. Bhutani*, 1995 WL 632069 (N.D.Ill.), the court was confronted with similar opposing claims by counsel for the government and counsel for defendant. That court observed that the purpose of Amended Rule 16(a)(1)(A) was to "give corporate defendants discovery rights that would be parallel to those of individual defendants," and ruled that

"To place a corporate defendant in the same position (as an individual defendant), it should be entitled to the statement of anyone for whose acts it may be criminally responsible. Whether the person who gave the statement shared the corporation's criminal intent at the time he committed the act is immaterial." *Id.* at *3.

This court agrees.

 In discharge of its obligations under Rule 16, the government should disclose statements of all persons whose statements or conduct it seeks to use in order to hold Lin Lyn Trading criminally responsible. Such statements should be produced whether or not the person in question had knowledge of the illegality of the offense conduct, whether or not that person knew she was violating the law, and whether or not that person would be criminally culpable. In this connection, the court rejects the government's claim that the statutory requirement that the person making the statement in question be "personally involved" means that the person must be criminally culpable. Also, this court rules that the statutory requirement that statements in question be made by a person able to "bind" the corporate defendant has to do with statements in the nature of admissions which the government claims would bind the corporate defendant as to any aspect of the offense charged in the Indictment. In this regard, the Advisory Committee recognizes that under the amended rule organizational defendants may be bound by statements of agents, citing Rule 801(d)(2) Fed.R.Evid. This court rejects defendants' claim that the rule requires production of statements by present or former agents of a corporation concerning anything which might be relevant to the case. Rather, the reach of the rule is statements the government claims will be binding on the corporate defendant. If the government claims that the corporate defendant is bound by any such statement and intends to use it in any way to prove criminal responsibility of the corporate defendant, it should be produced.

## II.

## RECIPROCAL DISCOVERY

On October 6, 1995, this court entered an order which, among other things, required reciprocal discovery production by defendants. Defendants have responded to the government's motion to compel by claiming that the government has not fully performed discovery required of it. The court now directs that the reciprocal discovery documentation heretofore identified be produced and disclosed to the government without regard to any claim of only partial performance or lack of performance by the government.

Based upon the foregoing, it is hereby

ORDERED, that the United States produce and disclose to defendants by January 22, 1996, all of the statements made to agents of the government which the government seeks to use at trial against defendants. This shall include statements by the persons identified at Footnote 1 of this Order, as well as statements made to government agents by other persons, *provided* that at the time of the offense charged in the Indictment the person (1) was personally involved in conduct alleged to constitute any portion or aspect of the offense, (2) was situated as a director, officer, employee or agent, and (3) the government claims that such person was able legally to bind the defendant in respect to any portion or aspect of alleged conduct in which the person was involved; it is

FURTHER ORDERED, that defendants shall produce and disclose to the government by January 22, 1996, the reciprocal discovery documents and materials set forth under paragraphs C1 and C2 of this court's Order dated October 6, 1995, as follows:

1. All documents and other items specified in Rule 16(b)(1)(A), Fed.R.Crim.P.,

which are within the possession, custody, or control of the defendants and which the defendants intend to introduce as evidence in chief at the trial. This discovery requirement includes the disclosure of all specific U.S. Customs rules, decisions, and internal rulings which the defendants intend to introduce or otherwise rely upon in their case in chief at trial.

2. All reports of examinations and tests, as specified in Rule 16(b)(1)(B), Fed.R.Crim. P., which are within the possession or control of the defendants, which the defendants intend to introduce as evidence in chief at the trial or which are prepared by a witness whom the defendants intend to call at the trial when the results or reports relate to that witness' testimony; it is

FURTHER ORDERED, that the parties shall have until January 31, 1996, to file and to supplement pretrial motions. Opposing party shall have until February 7, 1996, to respond, and the moving party may reply by February 9, 1996. In all cases papers shall be hand delivered to opposing counsel with a copy delivered to Chambers by 12:00 noon of the day in question; it is

FURTHER ORDERED, that a hearing as to any such motions as well as all pending motions and matters is set for February 12, 1996 at 2:00 p.m.

IT IS SO ORDERED.